NO. 07-09-0057-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 18, 2010

_____

TAMMY DIANE RYALS, APPELLANT

V.

STATE OF TEXAS, APPELLEE

_____

FROM THE 223rd DISTRICT COURT OF GRAY COUNTY;

NO. 7152; HONORABLE LEE WATERS, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Tammy Diane Ryals, was charged by indictment with the third degree felony offense of possessing a prohibited substance in a correctional facility.[1] A jury found her guilty and assessed sentence at three years confinement. By one issue,

_____

[1] Tex. Penal Code Ann. § 38.11(d)(1) (Vernon Supp. 2009).

Appellant contests the legal sufficiency of the evidence to sustain the conviction. We affirm.

## Background

On January 26, 2005, Appellant was being detained in a general holding cell at the Gray County jail. While taking holding cell inmates out of the cell one at a time for the purpose of allowing them to make telephone calls, Jamie Schlabs, an employee of the Gray County Sheriff's Department, was handed a note reading "Tammy Ryals has crack." She was also verbally informed that the crack was in a styrofoam cup. Schlabs returned the inmate to the holding cell and immediately collected all the styrofoam cups.

Schlabs testified that as she picked up the cups, Appellant's demeanor changed and she became "fidgety." An examination of the cups revealed that one cup contained a folded piece of pink paper, which was identified as paperwork coming from Appellant's arraignment. Inside that paperwork, Schlabs found a wad of tissue paper, and inside that tissue paper she found a white powder, later chemically identified as cocaine. When asked what the substance was, Appellant responded that it "was aspirin for her teeth." Appellant was subsequently charged and convicted of possessing a prohibited substance, to-wit: cocaine, in a correctional facility.

## Standard of Review

Appellant contends the evidence was legally insufficient to establish that she knew the substance was cocaine. Evidence is legally insufficient if, when viewed in a light most favorable to the prosecution, any rational trier of fact could not have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Laster v. State*, 275 S.W.3d 512, 517 (Tex.Crim.App. 2009). This standard is the same in both direct and circumstantial evidence cases. *Id.* 275 S.W.3d at 517-18.

Legal sufficiency of the evidence to sustain a conviction is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 239-40 (Tex.Crim.App. 1997). This is done by considering all the evidence that was before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective. *Miles v. State*, 918 S.W.2d 511, 512 (Tex.Crim.App. 1996). As an appellate court, we sit as a final, due process safeguard, ensuring only the rationality of the factfinder, and we must uphold the jury's verdict unless it is found to be irrational or unsupported by more than a "mere modicum" of evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

## Analysis

As per the indictment in this case, the State was required to prove that Appellant knowingly or intentionally possessed a controlled substance, namely cocaine, in a correctional facility, namely the Gray County Jail. To prove *possession,* the State was required to show that Appellant (1) exercised "actual care, custody, control, or management" of the substance and (2) knew the matter possessed was contraband. *See* § 481.002(38). *See also* Tex. Penal Code Ann. § 1.07(39) (Vernon Supp. 2009); *Poindexter v. State,* 153 S.W.3d 402, 405-06 (Tex.Crim.App. 2005).

Knowledge that the matter possessed was contraband may be inferred from the acts, words, or conduct of the accused. *Grant v. State,* 989 S.W.2d 429, 433 (Tex. App.--Houston [14th Dist.] 1999, no pet.). Links used to establish care, custody, control or management of the matter can likewise be used to establish knowledge of the nature of the substance.

When, as here, the accused does not have actual physical possession of the controlled substance when seized, it cannot be concluded or presumed that the accused had possession over the substance unless there are independent facts or circumstances that tend to connect or link[2] the accused to the knowing possession of the contraband. *Evans v. State,* 202 S.W.3d 158, 161-62 (Tex.Crim.App. 2006). Numerous nonexclusive factors have been recognized as contributing to an evaluation

---

[2]The Court of Criminal Appeals has recognized that the term "affirmative" adds nothing to the plain meaning of "link" and now uses only the word "link" to evaluate evidence of possession. *Evans v. State,* 202 S.W.3d 158, 161 n.9 (Tex.Crim.App. 2006).

of whether an accused is linked to the contraband. *See Triplett v. State,* 292 S.W.3d 205 (Tex.App.--Amarillo 2009, pet. ref'd). Those factors include: (1) whether the contraband was recovered from a place or thing under the control of the accused; (2) whether the contraband was conveniently accessible to the accused; (3) whether the conduct of the accused indicated consciousness of guilt; and (4) whether the accused made any incriminating statements. *Id.* at 209.

Here, several factors tended to link Appellant to the knowing care, custody, control, or management of the contraband. First, the note and verbal information given to Schlabs established that the note-writer was aware the substance was not only present, but that it was cocaine. From this evidence, a reasonable factfinder could presume that the note-writer learned this information from Appellant. Secondly, the contraband was discovered in a styrofoam cup, wrapped in tissue paper, and placed inside Appellant's folded-up arraignment papers. The secretion of a substance can be circumstantial evidence that the person who placed the substance in that location was attempting to avoid its discovery and was, therefore, aware of its illegal nature. Furthermore, upon being asked to identify the substance, Appellant acknowledged not only consciousness of its presence but also control by stating that it was for her teeth. Finally, the fact that Appellant became fidgety is some evidence of her consciousness of the illegal nature of the substance.

Based upon these facts, viewing the evidence in the light most favorable to the verdict, we conclude the evidence is legally sufficient to support the jury's implied finding that Appellant exercised "actual care, custody, control, or management" of the substance and knew the matter possessed was contraband. Appellant's issue is overruled.

## Conclusion

Accordingly, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.